IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MILTON THOMAS ANDERSON                                                PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:10cv452-LG-RHW

JUNNA JACKSON, LALONA BARRETT,
STEPHEN GARRIGAN and
UNKNOWN OFFICER McCOY                                              DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This cause came before the Court for a duly noticed omnibus hearing scheduled for Friday,

September 16, 2011 at 10:00 a.m. before United States Magistrate Judge Robert H. Walker in

Courtroom 683 of the Dan M. Russell, Jr. Federal Building in Gulfport, Mississippi.  The docket

reflects, and the Court finds, that on September 6, 2011, the clerk properly notified Plaintiff of the

hearing by mailing notice thereof to the Plaintiff at his free-world address.  The notice has not

been returned to the Court, and is presumed to have been received by the Plaintiff.  However,

once again, the Plaintiff failed to appear for the hearing, and has made no contact with the Court

regarding the hearing.

This case was previously set by notice of July 14, 2011, for an omnibus hearing on

Wednesday, August 10, 2011 at 1:30 p.m. before Judge Walker.  Plaintiff failed to appear for that

hearing, and the Court issued [30] a Report and Recommendation that the case be dismissed.  On

August 17, 2011, Plaintiff filed [31] a response to that Report and Recommendation, denying that

he failed to appear, and claiming that on August 10, 2011, he had gone to Magistrate Judge

Roper's *chambers*[1] where he was told "that it was not in his chamber."[2]  Plaintiff requested that the present case be set for hearing on another date.  The undersigned gave Plaintiff the benefit of the doubt, withdrew the August 10, 2011 Report and Recommendation, granted Plaintiff's request that the matter be reset, and set the matter for hearing on September 16, 2011.  Again, Plaintiff has failed to appear or to make any contact with the Court regarding the hearing.  The undersigned is of the opinion that the foregoing warrants dismissal of this lawsuit.

The undersigned is further of the opinion that Plaintiff's complaint fails to state a claim – Plaintiff alleges that during his incarceration, he was denied his blood pressure medication on one day, when he failed to comply with the instruction of jail administrators that he be at the door of his cell to receive the medication – Plaintiff admits he was sitting on his bed, instead.  Further, the undersigned finds that the relief Plaintiff requests in his complaint, to "effect a change in the current administrations (*sic*) practice of giving inmates there (*sic*) blood pressure medication or any type of medication that are giving to the inmates that are sick..." [1, p. 4, ¶ IV], is injunctive in nature.  On or before April 29, 2011, as reflected in [28] his May 5, 2005 change of address filed with the Court, Plaintiff was released from custody, thereby rendering moot his claim for the relief requested in this lawsuit.  *See, Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).

## <u>RECOMMENDATION</u>

The undersigned United States Magistrate Judge recommends that  Plaintiff's cause of action be dismissed for failure to prosecute, and/or for failure to state a claim.

---

[1]Judge Roper's chambers are located in Suite 870 of the United States Courthouse at 2012 15th Street, Gulfport, MS.

[2]On June 22, 2011, Judge Roper had granted summary judgment and dismissed another case filed by Plaintiff, *Milton Thomas Anderson v. Jackson County, et al.*, Civil Action No. 1:10cv213-JMR.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 16th day of September, 2011.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE